# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW ROWBOTTOM,<br><br>        Petitioner,<br><br>   v.<br><br>RENEE BAKER, et al.,<br><br>        Respondents. | Case No. 3:20-cv-00486-RCJ-CLB<br><br>**ORDER** |

## I.  Introduction

This is a habeas corpus action under 28 U.S.C. § 2254.  The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner Matthew Rowbottom needs to show cause why the court should not dismiss this action as an unauthorized second or successive petition under 28 U.S.C. § 2244(b).

## II.  Procedural History

Pursuant to a jury verdict, the Second Judicial District Court of the State of Nevada, Case No. 87-1448, convicted Rowbottom of first-degree murder with the use of a deadly weapon and sentenced him to death.  On appeal, the Nevada Supreme Court reversed and remanded for a new trial.  Rowbottom v. State, 779 P.2d 934 (Nev. 1989).  During the second trial, Rowbottom agreed to plead guilty to first-degree murder with the use of a deadly weapon; in exchange, the prosecution agreed not to seek the death penalty.  The state district court entered its judgment of

conviction on November 16, 1990.  See Rowbottom v. State, 466 P.3d 944, 2020 WL 4035553, at *1 (Nev. Jul. 16, 2020) (table disposition).

The court takes judicial notice of Rowbottom v. McDaniel, Case No. CV-N-99-00342-ECR (PHA).[1]  On June 20, 1999, Rowbottom dispatched to this court a habeas corpus petition under 28 U.S.C. § 2254.  The petition challenged Rowbottom's custody under the same judgment of conviction that he challenges now.  On October 14, 1999, the court dismissed Rowbottom's petition.  The court found that one claim was a claim of error in the state post-conviction proceedings, and such a claim is not addressable in federal habeas corpus.  See Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).  The court found that a claim that Rowbottom's trial counsel failed to inform the trial court about Rowbottom's right to appeal also was not addressable in federal habeas corpus.  The court found that the remaining claims were procedurally defaulted.  Both this court and the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability.

**III.     Legal Standard**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricts Rowbottom's ability to file a second or successive petition.  A claim raised in a second or successive petition must satisfy one of two conditions.  First, the claim must rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court of the United States.  28 U.S.C. § 2244(b)(2)(A).  Second, alternatively, the petitioner could not have discovered the factual predicate for the claim previously through the use of due diligence and the facts underlying the claim, if proven and considered with all the evidence, would be sufficient to establish by clear and convincing evidence that the petitioner is actually innocent but for the constitutional error.  28 U.S.C. § 2244(b)(2)(B).

Before this court can consider a second or successive petition, the petitioner must apply in the Ninth Circuit to authorize this court to consider the petition.  28 U.S.C. § 2244(b)(3).

---

[1] The court uses its old style of numbering this case because it never was incorporated into the CM/ECF docketing system.

"[A] denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . 'second or successive' for purposes of the AEDPA." Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citation and quotation omitted).

**IV.     Discussion**

The current petition is a second or successive habeas corpus petition. Rowbottom challenged his custody pursuant to the same judgment of conviction in Rowbottom v. McDaniel, Case No. CV-N-99-00342-ECR (PHA). The court dismissed the petition because the grounds that were addressable in federal habeas corpus were procedurally defaulted, and a dismissal due to procedural default is a decision on the merits for the purposes of determining whether a subsequently filed habeas corpus petition is a second or successive petition for the purposes of § 2244(b). Henderson, 396 F.3d at 1053. Rowbottom thus needs authorization from the Ninth Circuit before this court may consider his petition. 28 U.S.C. § 2244(b)(2).

It does not appear that Rowbottom has obtained that authorization. The Ninth Circuit has not transferred the case to this court with an order authorizing this court to consider the petition. Rowbottom has not attached an authorization order to his petition. The court has searched the on-line docket of the Ninth Circuit, and the court has not found any application for authorization by Rowbottom. Without authorization, the court cannot consider Rowbottom's petition. Consequently, Rowbottom must show cause why the court should not dismiss this action.

**V.      Conclusion**

IT THEREFORE IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that petitioner will have thirty (30) days from the date of entry of this order to show cause why this action should not be dismissed as a second or successive petition. Failure to comply will result in the dismissal of this action.

DATED: January 14, 2022.

ROBERT C. JONES
United States District Judge